[Cite as *State v. Maddox*, 2014-Ohio-4608.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellee                          :           C.A. CASE NO.    2014-CA-5

v.                                              :           T.C. NO.    2013-CR-258

NATHAN H. MADDOX                                :        (Criminal appeal from
                                    Common Pleas Court)
    Defendant-Appellant                         :

                                         :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     17th     day of     October    , 2014.

. . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorneys for Plaintiff-Appellee

JULIA B. PEPPO, Atty. Reg. #0037172, 117 South Main Street, Suite 400, Dayton, Ohio 45433
        Attorney for Defendant-Appellant

NATHAN H. MADDOX, Inmate No. 697437, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of Nathan

Maddox, filed February 19, 2014, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We hereby affirm the judgment of the trial court.

**{¶ 2}** Maddox was indicted on September 5, 2013, on one count of aggravated arson (February 25, 2013), in violation of R.C. 2909.02(A)(2)(B)(3), and one count of aggravated arson (August 30, 2013), both felonies of the second degree, as well as one count of arson (February 25, 2013), in violation of R.C. 2909.03(A)(1)(B)(2)(b), and one count of arson (August 30, 2013), both felonies of the fourth degree.

**{¶ 3}** On November 4, 2013, after pleading not guilty, Maddox filed a "Motion to Suppress Statements of Defendant to Law Enforcement." Thereafter, Maddox withdrew his not guilty pleas and motion to suppress, and on November 25, 2013, he pled guilty to two counts of arson, counts two and four. Pursuant to the parties' agreement, the remaining counts were dismissed. The transcript of the plea hearing reflects that Maddox was on probation at the time of the August, 2013 offense. Maddox was sentenced to 12 months on count two, and to 18 months on count four, to be served consecutively, for an aggregate term of 30 months.

**{¶ 4}** The brief of counsel for Maddox contains no assigned errors and provides that, after a thorough review, counsel "was unable to locate any meritorious issues for appellate review." On June 12, 2014, this Court advised Maddox that counsel of record filed a brief asserting an inability to find any meritorious claims to present, and this Court granted Maddox 60 days to file a pro se brief containing any assignments of error. None has been received.

**{¶ 5}** In *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶

7-8, we observed:

> We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *State v. Pullen* (Dec. 6, 2002), Montgomery App. No. 19232.

> Anders equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. *Pullen, supra.*

{¶ 6} After a thorough and independent review of the record, we conclude that Maddox's appeal is wholly frivolous. The record reflects that the trial court complied with Crim. R. 11 in its entirety in accepting Maddox's pleas. In other words, the court addressed Maddox personally and informed him of, and determined that Maddox understood, the effect of his pleas. The court further advised Maddox of the rights attendant to trial that he was foregoing, namely his right to a trial by jury and to confront his accusers, his privilege against self-incrimination, his right to compulsory process, and his right to require the State to prove his guilt beyond a reasonable doubt. The court advised Maddox of his arson

offender registration status.

{¶ 7} Maddox's judgment entry of conviction provides that the court considered the purposes and principles of sentencing set forth in R.C. 2929.11, the seriousness and recidivism factors set forth in R.C. 2929.12, the Pre-Sentence Investigation Report, and Maddox's pre-sentence conduct. Finally, the Court made the necessary findings for the imposition of consecutive sentences, R.C. 2929.14(C)(4), and it advised Maddox regarding post-release control.

{¶ 8} Since this appeal is wholly frivolous, it is dismissed. The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J., and HALL, J., concur.

Copies mailed to:

Kevin S. Talebi
Julia B. Peppo
Nathan H. Maddox
Hon. Nick A. Selvaggio